## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.**<br><br>*Plaintiff,*<br><br>**HOWARD M. KNAPP**, in his official capacity as Executive Director of the South Carolina Election Commission,<br><br>*Defendant.* | Case No. 3:24-1276-JFA |

### COMPLAINT FOR DECLARATORY JUDGMENT
### AND INJUNCTIVE RELIEF

Plaintiff Public Interest Legal Foundation (the "Foundation"), by its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), because the action seeks injunctive and declaratory relief under the NVRA.

2.    Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

1

3.      The Public Interest Legal Foundation, Inc., (the "Foundation") is a non-partisan, public interest organization incorporated and based in Alexandria, Virginia. The Foundation seeks to promote the integrity of the electoral process nationwide through research, education, remedial programs, and litigation. The Foundation regularly utilizes the NVRA's Public Disclosure Provision and state and federal open records laws that require government records be made available to the public. Using records and data compiled through these open records laws, the Foundation analyzes the programs and activities of state and local election officials in order to determine whether lawful efforts are being made to keep voter rolls current and accurate. The Foundation also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters in order to advance the public education aspect of its organizational mission.

4.      Defendant is Howard M. Knapp, the Executive Director of the State of South Carolina's Elections Commission. Defendant "serve[s] as the chief state election official responsible for implementing and coordinating the state's responsibilities under the National Voter Registration Act of 1993." S.C. Code Ann. § 7-3-20(D)(14).

5.      Defendant is sued in his official capacity only.

## BACKGROUND

6.      The NVRA provides, in relevant part, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" 52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision").

7.    On February 5, 2024, the Foundation requested from the South Carolina State
Election Commission "[a] current or most updated copy of the South Carolina statewide voter
registration list as described in S.C. Code § 7-5-186." (the "Request") (Attached as Exhibit A).

8.    The requested record—otherwise known as the Voter Roll—is a public record
under the NVRA's Public Disclosure Provision, 52 U.S.C. § 20507(i)(1). *See Pub. Int. Legal
Found., Inc. v. Bellows*, 92 F.4th 36 (1st Cir. 2024); also *Pub. Interest Legal Found. v. Matthews*,
No. 20-cv-3190, 2022 U.S. Dist. LEXIS 40640, at *27 (C.D. Ill. Mar. 8, 2022*); Judicial Watch,
Inc. v. Lamone,* 399 F. Supp. 3d 425, 446 (D. Md. 2019); *True the Vote v. Hosemann,* 43 F.
Supp. 3d 693, 723 (S.D. Miss. 2014); *Project Vote, Inc. v. Kemp,* 208 F. Supp. 3d 1320, 1341
(N.D. Ga. 2016) (NVRA requires disclosure of "records regarding the processes a state
implements to ensure the accuracy and currency of voter rolls" as well as "individual applicant
records."); *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *13 (S.D. Fla.
Mar. 30, 2018) ("[E]lection officials must provide full public access to all records related to their
list maintenance activities, including their voter rolls.")

9.    On February 20, 2024, the Foundation received a letter from South Carolina
Elections Commission General Counsel stating that "the type of information you seek is
available for a fee to qualified electors in the State of South Carolina…. On the basis of S.C.
Code § 7-3-20(D)(13) the South Carolina Elections Commission has consistently refused to
allow out of state residents or organizations to purchase voter lists." (the "Denial") (Attached as
Exhibit B).

10.    On February 21, 2024, the Foundation emailed a letter to the Defendant (the
"Notice Letter") (Attached as Exhibit C). The Notice Letter notified Defendant that the "denial of
our request for the statewide voter roll violates the NVRA.

3

11.    The Notice Letter further explained,

Any state law limiting disclosure of the requested records, such as S.C. Code § 7-3-20 (D)(13), is inapplicable to our request because the NVRA, as a federal enactment, is superior to conflicting state laws under the Constitution's Elections and Supremacy Clauses. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 12-15, 133 S. Ct. 2247, 2255-57 (2013). As you acknowledge, the United States District Court for the District of Maryland has held that the NVRA preempts a residency requirement similar to that found under S.C. Code § 7-3-20 (D)(13). *Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 445 (D. Md. 2019). For similar reasons, the NVRA preempts South Carolina's qualified elector requirement, S.C. Code § 7-3-20 (D)(13).

Failure to permit public inspection or otherwise provide copies of the requested records is a violation of federal law for which the NVRA provides a private right of action. 52 U.S.C. § 20510(b).

Exhibit C at 1.

12.   The Notice letter continued,

Executive Director Wells and the SEC are hereby notified that they are violating the NVRA and litigation may commence against them if the violations described herein are not cured within 20 days of the receipt of this letter. The curative period is 20 days because the violation is occurring within 120 days of the February 24, 2024, Republican Presidential Primary Election, 1 an election for federal office. See 52 U.S.C. § 20510(b)(2).[1]

Exhibit C at 2.

## COUNT I
### Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)

13.    The Foundation realleges the preceding paragraphs as if fully stated herein.

14.    The requested record(s) are in the possession, custody, and control of Defendant.

15.    The Voter Roll is a public record under the NVRA's Public Disclosure Provision.

52 U.S.C. § 20507(i)(1).

---

[1] Although the Notice letter named Mr. Wells as the Executive director, the Notice letter was sent to both Director Knapp and counsel on his behalf.

16.   The Public Disclosure Provision authorizes and entitles the Foundation to inspect and copy the Voter Roll.

17.   South Carolina requires a person requesting the Voter Roll to be a qualified voter of South Carolina. S.C. Code § 7-3-20(D)(13).

18.   The Defendant is denying the Foundation's request for the Voter Roll under the NVRA because the Foundation is not a qualified voter of South Carolina.

19.   The Defendant's denial of the Foundation's request for the Voter Roll violates the NVRA.

20.   By denying the Foundation the ability to obtain records it otherwise could obtain under the NVRA's Public Disclosure Provision, S.C. Code § 7-3-20(D)(13) conflicts with federal law.

21.   Any South Carolina statute, regulation, practice or policy that conflicts with the NVRA or poses obstacles to its objectives is preempted and superseded under the Supremacy Clause and the Elections Clause of the Constitution of the United States.

22.   It is well settled that state specific restrictions on access to list maintenance records are pre-empted by the NVRA and the Supremacy Clause. South Carolina's registered-voter requirement to obtain a copy of the Voter Roll, S.C. Code § 7-3-20(D)(13), conflicts with the NVRA and poses obstacles to its objectives. S.C. Code § 7-3-20(D)(13) is therefore preempted, invalid, and unenforceable. *Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 442-445 (D. Md. 2019).

23.   The Foundation provided Defendant Executive Director Knapp—South Carolina's chief election official—with written notice of the NVRA violation alleged herein,

thereby satisfying the NVRA's pre-litigation notice requirement, 52 U.S.C. § 20510(b)(1). *See* Exhibit C.

24.    Defendant has not cured his NVRA violation within the 20 days permitted by the NVRA when the violation occurs within 120 days of an election for federal office. *See* 52 U.S.C. § 20510(b)(2).

25.    Defendant's violations of the NVRA are causing the Foundation to suffer a concrete informational injury because the Foundation does not have records and information to which it is entitled under federal law. *FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.").

26.    The Foundation's "informational injury" is causing the Foundation to suffer additional adverse effects.

27.    The Foundation gathers information about the state of the voter rolls across the nation for the purpose of assessing the accuracy and currency of the rolls and whether officials are complying with state and federal voter list maintenance standards, as well as other best practices. *See* "Errors in America's Voter Rolls," Public Interest Legal Foundation, https://publicinterestlegal.org/issues/voter-roll-error-map/.

28.    South Carolina has voter registration and performs voter list maintenance activities pursuant to federal and state law requirements.

29.    The Foundation will use the requested records to further study and investigate South Carolina's voter list maintenance activities and South Carolina's compliance with state and federal law, and other best practices.

30.    The Foundation is unable to engage in those activities due to Defendant's denial of the Foundation's Request. Defendant's activities are thus injuring the Foundation.

31.    Defendant Knapp's denial of the requested records also affects the Foundation's programming and will dictate where additional Foundation resources will be deployed for further investigations, communications with certain election officials, and necessary remedial measures.

32.    The Defendant's failure to allow inspection pursuant to federal law causes harm to the Foundation as it is required to expend additional resources and staff, while limiting the Foundation's ability to fund other pending investigations and programming.

33.    The Defendant's failure to allow inspection of these records further injures the Foundation's non-profit educational programming which includes providing policy advice to state officials and legislative guidance and testimony to Congress regarding state compliance with voting rights legislation requirements.

34.    The Foundation needs to continually keep its institutional knowledge current and accurate so that the organization can operate efficiently and effectively, including for the purposes that Congress intended under the NVRA. The failure of Defendant to provide records subject to disclosure impairs and directly frustrates the Foundation's accumulation of institutional knowledge about nationwide list maintenance practices by government officials. This impairment harms the Foundation's ability to accurately and comprehensively educate the public and election officials about numerous circumstances, including the state of their own voter rolls. This impairment harms the Foundation's ability to accurately and comprehensively educate members of Congress about numerous circumstances, including possible amendments to the NVRA, compliance with federal law by state officials, and the effectiveness of the NVRA's four articulated legislative purposes.

35.     By denying the Foundation the ability to obtain the requested voter list maintenance records, Defendant is also impairing the Foundation's ability to, inter alia, (1) study and analyze South Carolina's voter list maintenance programs and activities; (2) assess South Carolina's enforcement of state and federal voter eligibility requirements; (3) assess South Carolina's compliance with state and federal voter list maintenance obligations, and other best practices; and, (4) aid South Carolina in carrying out voter list maintenance programs and activities, and other best practices, thus injuring the Foundation.

36.     The Foundation intends to request similar records from the Defendant in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1.     Declaring that Defendant is in violation of Section 8(i) of the NVRA by refusing to allow the Foundation to inspect and copy the requested voter registration list;

2.     Declaring that Section 8(i) of the NVRA preempts and supersedes the registered-voter requirement found in S.C. Code § 7-3-20 (D)(13), and any other South Carolina statute regulation, practice or policy that prevents the Foundation from inspecting and copying the requested statewide voter registration list;

3.     Ordering Defendant to produce to the Foundation the records and data requested in the Foundation's Application, or otherwise ordering Defendant to allow the Foundation to inspect and copy the statewide voter registration list;

4.     Permanently enjoining Defendant from denying requests to inspect similar voter registration lists and voting histories in the future;

5.     Ordering the Defendant to pay the Foundation's reasonable attorney's fees,

8

including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

     6.     Granting the Foundation further relief that this Court deems just and proper.

Dated: March 13, 2024

For the Plaintiff Public Interest Legal Foundation
LOCAL COUNSEL

ss//*Richard L Bolen*

Richard L. Bolen
SC Bar No. 9295
The Bolen Law Firm
100 Old Cherokee Rd. F-345
Lexington, South Carolina 29072
Tel (803) 490-9003
blf@bolenlawfirm.com

Maureen S. Riordan** (NY Bar No. 2058840
Noel H. Johnson**(Federal Bar ID 22-297)
J. Christian Adams ** (SC Bar No. 7136)
Joseph M. Nixon **(Texas Bar No. 15244800)
PUBLIC INTEREST LEGAL FOUNDATION
107. S. West Street, Suite 700
Alexandria, Virginia 22314
Tel. (703) 745-5870
Fax:(888) 815-5641
mriordan@publicinterestlegal.org
njohnson@publicinterestlegal.org
Adams@publicinterestlegal.org
jnixon@publicinterestlegal.org

**Application for admission forthcoming
***Attorneys for Plaintiff Public Interest Legal Foundation***