**United States District Court**
**District of South Carolina**
**Columbia Division**

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** <br><br> *Plaintiff*, <br><br> v. <br><br> **HOWARD M. KNAPP,** in his official capacity as the Executive Director of the South Carolina State Election Commission <br><br><br> *Defendant*. | Case No. 3:24-cv-01276-JFA |

**Plaintiff Public Interest Legal Foundation's**
**Motion for Attorney's Fees, Costs, and Expenses**

Pursuant to 52 U.S.C. § 20510(c), Fed. R. Civ. P. 54(d)(2)(B), and Local Rule 54.02, Plaintiff Public Interest Legal Foundation, Inc. ("Foundation") hereby moves for an order granting the Foundation reasonable attorney's fees, costs, and expenses. With this Motion, the Foundation requests $123,125.00 in attorney's fees and $5,322.62 in costs and expenses. The Foundation requests the opportunity to supplement this Motion with related fees, costs, and expenses incurred after the submission of this Motion.[1]

As grounds for this Motion, the Foundation states that (1) it is the prevailing party in this action under 52 U.S.C. § 20510(c), and (2) the requested fees, costs, and expenses are fair and reasonable. In support of this Motion, the Foundation submits the accompanying memorandum

---

[1] This Motion requests reimbursement for time billed through September 22, 2024.

of law, along with the declarations of Maureen S. Riordan, T. Russell Nobile, Phillip M. Strach, and Richard Bolen, and the exhibits attached thereto.

**MEMORANDUM OF LAW**

Plaintiff Public Interest Legal Foundation, Inc. ("Foundation") is the prevailing party in this action and is therefore entitled to recover reasonable attorney's fees, costs, and expenses under the fee-shifting provision of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(c).

After Defendant Knapp ("Director") denied the Foundation access to South Carolina's statewide voter registration file ("Voter File"), the Foundation filed this action seeking an order compelling production of the Voter File. (Doc. 1.) After an initial conference, and the filing of joint stipulations, the parties filed cross motions for summary judgement, and respective replies. (Docs. 28-31.)

After a hearing on the cross motions for summary judgement, this Court ruled in favor of the Foundation in a written order on September 18, 2024. (Doc. 38.) This Court's order is an enforceable judgment that entitles the Foundation to the relief sought. For that reason, the Foundation is the prevailing party under the NVRA's fee-shifting provision, 52 U.S.C. § 20510(c), and the Foundation is entitled to recover its attorney's fees, costs, and expenses, as described herein.

**ARGUMENT**

I. **The Foundation Is Entitled to an Award of Reasonable Attorney's Fees, Costs, and Expenses.**

   A. **The NVRA Is Subject to the Same Fee-Shifting Standards Used for Other Civil Rights Statutes.**

The NVRA provides, "In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c). The term "prevailing party" is a "legal term of art,"

1

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) ("*Buckhannon*") that has been consistently construed to mean the same thing in each fee-shifting statute that uses it, *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'") (construing fee-shifting provision of 42 U.S.C. § 1988).

Accordingly, courts interpreting the NVRA's fee-shifting provision have concluded that the NVRA is subject to the same standards that apply in other civil rights cases. *See Project Vote/Voting for Am. v. Long*, 887 F. Supp. 2d 704, 708-09 (E.D. Va. 2012) ("Courts apply the same standards applicable to other federal civil rights fee shifting statutes when considering an award under [52 U.S.C. § 20510(c)]."); *True the Vote v. Hosemann*, No. 3:14-CV-532-NFA, 2014 U.S. Dist. LEXIS 201659, at *8 (S.D. Miss. Oct. 17, 2014) ("If these are not 'civil rights' *per se*, they are so closely akin to such rights that the same fee shifting standards should apply."); *see also Pub. Int. Legal Found. v. Schmidt*, No. 1:19-CV-622, 2023 U.S. Dist. LEXIS 186589, at *5 (M.D. Pa. Oct. 17, 2023) ("The standards for determining whether to award attorneys' fees and the extent of such an award are the same under the NVRA as other civil rights statutes."); Doc. 84, *Pub. Int. Legal Found. v. Bennett*, No. 4:18-cv-00981 (entered Jan. 26, 2021) ("The threshold question when determining whether to award attorney's fees under a statute that authorizes such an award is whether the movant is a 'prevailing party.'"); Doc. 109, *Pub. Int. Legal Foundation v. Bellows*, No. 1:20-cv-00061 (entered Aug. 16, 2024) ("The prevailing party in litigation arising under the National Voter Registration Act is entitled to an award of a reasonable attorney's fee and recovery of the reasonable costs and expenses of litigation.").

B. **The Foundation Is the Prevailing Party.**

2

A party is considered a prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (internal citations omitted). "[A]t a minimum … the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (construing 42 U.S.C. § 1988). The "material alternation of the legal relationship of the parties" is the "touchstone of the prevailing party inquiry." *Id*. at 792-93. A material alteration occurs if "the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).

The Fourth Circuit adheres to the Supreme Court's recognition of a prevailing party "as one who receives actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Stinnie v. Holcomb*, 77 F.4th 200, 203 (4th Cir. 2023). To be a prevailing party, the plaintiff's relief must be judicially sanctioned. *Id*. at 207. The Foundation is fundamentally the prevailing party under these standards because it received declaratory "judgment" on its claims (Doc. 39); *see also* Merriam-Webster, https://www.merriam-webster.com/dictionary/merit (defining "merits" as "the substance of a legal case apart from matters of jurisdiction, procedure, or form"). The Court's summary judgment order has undeniably altered the parties' legal relationship because the Foundation is now "entitled to enforce a judgment … against" the Director. *Farrar*, 506 U.S. at 113. Specifically, the parties' "legal relationship" is materially altered such that the Director must produce the Voter File and may not enforce the South Carolina statute limiting disclosure of the Voter File to South

3

Carolina registered voters only. In other words, the Director is compelled to act and is also prevented from doing something he could otherwise do.

Four recent cases involving the Foundation reinforce the conclusion that the Foundation is the prevailing party here. First, in *Public Interest Legal Foundation v. Schmidt*, the Foundation prevailed on its summary judgment motion and received a judgment entitling the Foundation to records under the NVRA. Under these circumstances, defendants did not even contest the issue: "The parties agree PILF is the prevailing party." *Pub. Int. Legal Found. v. Schmidt*, No. 1:19-CV-622, 2023 U.S. Dist. LEXIS 186589, at *7 (M.D. Pa. Oct. 17, 2023) (on appeal at No. 23-3045 (3d Cir.)).

In *Public Interest Legal Foundation. v. Matthews*, 589 F. Supp. 3d 932, 944 (C.D. Ill. 2022), the Foundation prevailed on its summary judgment motion and received a judgment entitling the Foundation to records under the NVRA. In the summary judgment order, the court ordered defendant "to pay the Foundation its attorneys' fees, costs, and expenses." *Id*.

In *Public Interest Legal Foundation v. Bennett*, the Court entered an "Agreed Order" made between the parties, under which the Foundation "received … the relief it originally requested—for the Defendant to publicize certain documents and information—with only minor concessions." *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-00981, Doc. 84 at 3 (entered Jan. 26, 2021). The Court held the Foundation was the prevailing party within the meaning of the NVRA because "the Agreed Order (Doc. No. 76) that the Court entered does represent actual relief to the plaintiff that has changed the legal relationship of the parties." *Id*. In other words, "PILF has a court order that it can ask [the] Court to enforce if the Defendant fails to comply with it." *Id*.

4

In *Public Interest Legal Foundation v. Bellows*, No. 1:20-cv-00061 (entered Aug. 16, 2024), the Court awarded the Foundation its requested fees and expenses. The court explained, "The prevailing party in litigation arising under the National Voter Registration Act is entitled to an award of a reasonable attorney's fee and recovery of the reasonable costs and expenses of litigation. 52 U.S.C. § 20510(c). The presumptive reasonable fee award is measured by multiplying a reasonable hourly rate by the number of attorney hours reasonably expended on the litigation effort." *Id.*

Similarly, here, the Foundation received an enforceable judgment that entitles the Foundation to the relief requested in the complaint—a ruling that the requested records are within the NVRA's scope, an order compelling production of those records, and an order invalidating South Carolina's statute on federal preemption grounds. The Foundation thus "has a court order that it can ask this Court to enforce if the Defendant[s] fails to comply with it." *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-00981, Doc. 84 at 3 (entered Jan. 26, 2021). The Foundation is the prevailing party and there is no credible argument to the contrary.

In civil rights cases like this, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429, *superseded on other grounds* (citations and quotations omitted); *see also Nat'l Coal. for Students with Disabilities v. Bush*, 173 F. Supp. 2d 1272, 1276 (N.D. Fla. 2001) ("Although these attorney's fee provisions speak in discretionary terms, a prevailing plaintiff ordinarily is entitled to an award of fees, unless special circumstances would render such an award unjust."). No such circumstances exist here. To the contrary, compensating the Foundation for its time will encourage private enforcement of the NVRA and thereby further the purpose of the NVRA's fee-shifting provision.

**II.     The Requested Fee Award Is Reasonable.**

   **A.  The Lodestar Method Is Used to Calculate an Appropriate Fee Award.**

> The 'lodestar' figure has become the guiding light of the United States Supreme Court's fee-shifting jurisprudence. Although the lodestar method is not perfect, it has several important virtues. First, in accordance with the Court's understanding of the aim of fee-shifting statutes, the lodestar looks to the prevailing market rates in the relevant community. Developed after the practice of hourly billing had become widespread, the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. Second, the lodestar method is readily administrable … and produces reasonably predictable results.

*Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Moreover, "the lodestar figure is presumptively reasonable." *Randolph v. Powercomm Constr., Inc.*, 780 F App'x 16, 18 (4th Cir. 2019). The Supreme Court has also held that the lodestar method is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n.7.

When, as here, statutes expressly authorize awards of attorney's fees, the United States Court of Appeals for the Fourth Circuit has adopted the lodestar method of determining the reasonableness of such fees. *See Brodziak v. Runyon,* 145 F.3d 194, 196 (4th Cir. 1998). "The Supreme Court has indulged a "strong presumption" that the lodestar number represents a reasonable attorney's fee. *McAfee v. Boczar*, 738 F.3d 81, 88-89 (4th Cir. 2013). Quoting the Supreme Court*,* the Fourth Circuit explained that this presumption can only be overcome "in those rare circumstances where the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id*. (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

"The proper calculation of an attorney's fee award involves a three-step process. First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson*. Next, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. *McAfee*, 738 F.3d at 84.

In *Barber v. Kimbrell's*, 577 F.2d 216 (4th Cir. 1978), the Fourth Circuit adopted the Fifth Circuit's "Johnson factors" used to assess the reasonableness of a party's request for attorney fees. *See Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The factors include "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber*, 577 F.2d at 218.

The figure that results from the lodestar calculation is more than a rough guess or approximation of the final award to be made: "[W]hen the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting

7

product is *presumed* to be the reasonable fee…." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (emphasis added); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

### B. The Number of Hours Expended Is Reasonable.

To establish the number of hours reasonably expended, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. The movant "should identify the general subject matter of his time expenditures," but "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n.12.

The Foundation fulfills these obligations with the documents submitted in support of this Motion, specifically, the documents accompanying the Declaration of Maureen S. Riordan ("Riordan Decl.") and the Declaration of Richard Bolen ("Bolen Decl."). Each declaration attests to the necessity and accuracy of the time expended in this matter. The accompanying billing statements show, in detail, the tasks performed, and the time devoted to each task, based on contemporaneous time records.

The party seeking attorney's fees should also exercise "billing judgment," *Hensley*, 461 U.S. at 437. In an exercise of billing judgment, Foundation attorneys excluded 41 hours from the fee request.[2] Riordan Decl. ¶ 9. These reductions have a value of $21,040. *Id*.

The Supreme Court has made clear that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436). "Where a plaintiff has obtained excellent results, his attorney

---

[2] The Foundation's billing entries are organized into columns. The column labeled "Gross Hours" reflects the total time billed for each task. Where a billing judgment was made, the next column, labeled "Adjusted Hours," reflects any reduction and provide the time for which recovery is sought. Riordan Decl. ¶ 9.

8

should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Here, both legal issues were resolved in the Foundation's favor. First the Court determined that the SVRL is within the NVRA's scope, declaring that "the SVRL concerns the SEC's list maintenance activities and is therefore subject to disclosure under the NVRA," (Doc. 38 at ¶ 10), and further that "South Carolina's prohibition on distribution of the SVRL to only eligible South Carolina voters conflicts with the NVRA's mandate that all records concerning maintenance and accuracy activities be made available for "public inspection." *Id.* "Because adherence to South Carolina law would frustrate application of the Federal mandate, the state law must yield. that the South Carolina Statute prohibiting disclosure to the Foundation was pre-empted by the NVRA." (Doc. 38 at ¶¶ 14-15.) The Foundation thus obtained "excellent results" and should recover its full fee, *Hensley*, 461 U.S. at 435, minus the reductions previously described.

### C. The Hourly Rates Are Reasonable.

The Foundation is a non-profit, public interest law firm, and it was primarily represented by its own attorneys in this action. The Supreme Court explains, "It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys' fees." *Blum*, 465 U.S. at 895. Therefore, the reasonable hourly rate is based on the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel," like the Foundation. *Id.*; *E. Associated Coal Corp. v. Director, OWCP*, 724 F.3d 561, 572 (4th Cir. 2013) (same).

A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. "[T]he burden is on the fee applicant to produce satisfactory evidence—in

9

addition to the attorney's own affidavits—that the requested rates are in line" with the rates charged by those lawyers. *Id*. "The court may rely on its own knowledge of the market." *Gonzalez v. Caron*, 2011 U.S. Dist. LEXIS 99465 at *6 (D. Md. Sep. 2, 2011, Civil Action No. CBD-10-2188) (citing *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000)); *see also Norman v. Housing Auth.,* 836 F.2d 1292, 1303 (11th Cir. 1988) ("The Court …. is itself an expert on the question [of reasonableness] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). In a similar action, the Central District of Illinois explained, the market rate is "'the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question.'" *Jackson v. City of Peoria*, 2019 U.S. Dist. LEXIS 177019 at *19 (C.D. Ill. October 11, 2019) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993)). "Community," as the word is used for market rate purposes, means more than just the local market area; it also refers to "a community of practitioners." *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009). This is especially true when, as here, "the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market." *Public Interest Legal Foundation v. Matthews*, Case 3:20-cv-03190, Doc. 49 at 5 (June 8, 2022). *See also* Nobile Decl. ¶ 4.

The Foundation has complied with these standards by requesting an hourly rate of $550 per hour for Attorneys Riordan, Adams, Johnson, and Nixon. Riordan Decl. ¶¶ 4-7, and $400 per hour for Attorney Bolen, Bolen Decl. ¶ 2. These rates are reasonable and comparable to the rates charged by similar lawyers in the District of South Carolina for this type of litigation, according to Phillip Strach and an attorney, experienced in voting rights litigation, and partner at Nelson

Mullins, headquartered in this district. Affidavit of Strach ¶ 2. The Foundation is seeking an hourly rate of $200 for Samuel Swanson, who has completed his Juris Doctor at The Antonin Scalia School of Law at George Mason University in May 2024, and is awaiting the results of his bar exam taken in the summer of 2024. The Foundation is seeking the same fee of $200 per hour for Marshall Makk, a 2023 graduate of Cornell University School of Law, who was awaiting results from his recent bar examination at the time he completed his work.

### D. The Foundation Is Entitled to Recover Costs and Expenses in Addition to Attorney's Fees.

The NVRA provides that prevailing parties are entitled to recovery of "litigation expenses and costs." 52 U.S.C. § 20510(c). The Foundation has submitted itemized reports of the expenses necessarily incurred in this litigation. *See* Exhibit B to Riordan Decl. The Foundation reasonably requests reimbursement in the amount of $ 5,322.62 for its expenses. Riordan Decl. ¶ 9.

### E. The Foundation Is Entitled to Recover Attorney's Fees Associated with the Preparation of this Motion.

"Fees for the preparation of a motion for attorneys' fees are properly compensable in a § 1988 fee award," *Summers v. Adams*, No. 3:08-2265-CMC, 2010 U.S. Dist. LEXIS 53164, at *8 (D.S.C. May 26, 2010) (citing *Mercer v. Duke Univ.*, 401 F.3d 199, 202 (4th Cir. 2005)), and the same should therefore be true under the NVRA, *see Hensley*, 461 U.S. at 433 n.7 ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'") (construing fee-shifting provision of 42 U.S.C. § 1988). Accordingly, in addition to the time spent on the case-in-chief, the Foundation's counsel is seeking to recover for the time spent preparing the fee petition and supporting documentation. *See* Exhibit A to Riordan Decl. As of September 22, 2024, the Foundation

11

reasonably requests $123,125.00 for its work on the merits and the fee petition. Riordan Decl. ¶ 9. The Foundation intends to supplement this amount with additional fees incurred in preparing this Motion and any other compensable work that may arise hereafter.

**F. Defendant's Ability to Pay the Foundation's Fees and Expenses.**

The NVRA provides that aggrieved parties, like the Foundation, are entitled to receive fee awards when they prevail in an action to enforce the NVRA. 52 U.S.C. § 20510(c).

The Foundation is unaware of any circumstances that would prevent the Defendant from paying a reasonable fee award. Defendant is an executive agency of the State of South Carolina and is presumed to have the ability to pay the requested fee award.

## CONCLUSION

For the foregoing reasons, the Court should award the Foundation attorney's fees, costs, and expenses as requested herein.


Dated: October 2, 2024.

                                      Respectfully submitted,

                                      /s/ Maureen S. Riordan
                                    Maureen S. Riordan* (NY Bar # 2058840)
                                    Noel H. Johnson* (Wis. Bar #1068004)
                                    J. Christian Adams (S.C. Bar # 7136)
                                    Public Interest Legal Foundation, Inc.
                                    107 S. West Street, Ste. 700
                                    Alexandria, VA 22314
                                    Tel: (703) 745-5870
                                    *mriordan@publicinterestlegal.org
                                    *njohnson@Publicinterestlegal.org
                                    *adams@publicinterestlegal.org


                                      *Admitted pro hac vice

_/s/Richard Bolen_
Richard Bolen
Bolen Law Firm
100 Old Cherokee Rd.
Suite F-345
Lexington, South Carolina 29072
Tel: (803) 490-9003
blf@bolenlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2024, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.


       /s/ Maureen S. Riordan
     Maureen S. Riordan
     Counsel for Plaintiff
     mriordan@PublicInterestLegal.org