United States District Court
District of South Carolina
Columbia Division

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** <br><br> *Plaintiff*, <br><br> v. <br><br> **HOWARD M. KNAPP,** in his official capacity as the Executive Director of the South Carolina Election Commission <br><br> *Defendant*. | Case No. 3:24-cv-01276-JFA |

### Declaration of Maureen S. Riordan

I, Maureen S. Riordan, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the Public Interest Legal Foundation ("Foundation"). The Foundation is a 501(c)(3) public interest law firm based in Alexandria, Virginia that served as plaintiff and counsel in this action. The Foundation specializes exclusively in elections and voting issues, and its lawyers have extensive experience litigating cases under the law that governed this action—the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501 *et seq*.

2. I and other Foundation lawyers provided services on behalf of the Foundation in this action. As lead counsel, I performed or directed most of the work on this case. I am thus familiar with the work performed by other Foundation lawyers at all stages of the litigation.

3. This declaration is submitted in support of the Foundation's Motion for Attorney's Fees, Costs, and Expenses and attests to the accuracy and necessity of the fees, costs, and expenses incurred by the Foundation in the successful prosecution of this action.

4.     I am currently Litigation Counsel for the Foundation. I have been a licensed attorney since 1986. I received a J.D. from St. Mary's University School of Law in San Antonio, Texas in 1985. After spending 15 years as a prosecutor in New York, in 2000, I began working as a trial attorney at the Department of Justice, Civil Rights Division, Voting Section. I continued in that capacity while specializing in litigating all aspects of the Voting Rights Act as well as the National Voter Registration Act, Help America Vote Act, and the Uniformed and Overseas Citizens Absentee Voting Act. I also served as Senior Counsel to the Attorney General for Civil Rights, assisting in the supervision of the Voting Section, until my retirement from the Department in 2021. I joined the Foundation in 2021, and continue to specialize in litigation, education, and research related to elections and voting. In addition to my legal work at the Department of Justice and this action, I have served as counsel for the Foundation in numerous cases to enforce the NVRA, including the public records provision upon which this case is based. Those cases include:

*Public Interest Legal Foundation v. Ardoin*, No. 3:22-cv-00081 (D. La., filed Feb. 4, 2022).
*Public Interest Legal Foundation v. Way*, No. 3:22-cv-02865 (D. N.J., filed May 17, 2022).
*Public Interest Legal Foundation v. Toulouse Oliver*, No. 1:23-cv-00169 (D. N.M., filed Feb. 27, 2023).
*Public Interest Legal Foundation v. Nago*, No. 1:23-cv-00389 (D. Haw., filed Sept. 9, 2023).
*Public Interest Legal Foundation v Dupuis,* No. 4:24-cv-00679-HSG)

I also served as counsel in *Petteway v. Galveston Co.*, No. 3:13-cv-00308 (S.D. Tex. – Galveston Div. 2022), a matter involving claims under Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments.

5.     I have also provided written and oral testimony before both the U.S. House of Representatives and the U.S. Senate regarding election and voting issues. *E.g.*, Testimony of Maureen S. Riordan before the House of Representatives Judiciary Committee's Subcommittee on the Constitution, Civil Rights, and Civil Liberties Hearing on "The Need to Enhance the Voting

Rights Act: Preliminary Injunctions, Bail-in Coverage, Election Observers, and Notice," https://docs.house.gov/meetings/JU/JU10/20210629/112839/HHRG-117-JU10-Wstate-RiordanM-20210629.pdf. I contribute to Foundation reports concerning elections, voting, and related issues. *See* https://publicinterestlegal.org/category/reports/. I am a member of the bar of the State of New York and various federal District Courts, and I am admitted to practice in the United States Court of Appeals for the Fifth Circuit.

6. The Foundation is seeking reimbursement at a rate of $550 per hour for my work, an hourly rate that is reasonable in the District of South Carolina for litigation of this type, according to attorney Phillip Strach, whose affidavit is filed with the Foundation's fee petition. The Foundation is seeking reimbursement at a rate of $550 per hour for my work on this fee petition.

7. Christian Adams is an attorney and President of the Public Interest Legal Foundation. He received his J.D. from the University of South Carolina School of Law in 1993. He is a member of the bar in both Virginia and South Carolina. He is also a member of the bar of the Supreme Court of the United States and the United States District Court for the Eastern District of Virginia.

8. Mr. Adams served in the Voting Section of the Civil Rights Division of the United States Department of Justice. While at the Department of Justice he litigated all aspects of the Voting Rights Act, the National Voter Registration Act, The Help America Vote Act, and the Uniformed and Overseas Citizens Absentee Voting Act, and the Fourteenth and Fifteenth Amendments.

9. The Foundation is seeking reimbursement at a rate of $550 per hour for his work, an hourly rate that is reasonable in the District of South Carolina for litigation of this type, according to attorney Phillip Strach, whose affidavit is filed with the Foundation's fee petition.

10. Since leaving the Department of Justice in 2009, Mr. Adams has confined his practice to election law and civil rights matters. In addition to his litigation work and management at the Foundation, Mr. Adams also manages his own firm, Election Law Center, PLLC. In that role, he has brought multiple election law cases and have represented the Presidential campaigns of three different candidates for President of the United States in federal court. He has represented and advised state election officials and consulted with various state officials about the conduct of their elections. Mr. Adams has appeared on panels before the National Association of Secretaries of State and the National Conference of State Legislatures to speak about election law matters; testified numerous times before both state and the U.S. House and Senate. He has been invited to and spoken on voting issues to more than thirty-five law schools, and annually teaches a course on the 15th Amendment at the Antonin Scalia School of Law at George Mason University.

11. In addition to this case, his work includes:

*United States v. Ike Brown*, 494 F.Supp.2d 440 (S.D. Miss. 2007).
*United States v. Ike Brown,* 561 F.3d 420 (5th Cir. 2009) (work on successful appeal of USDC).
*United States v. Georgetown County School District, et al*, (D.S.C., Case No: 2:08-889).
*United States v. Town of Lake Park* (S.D. Fl., Case No. 9-80505).
*United States v. Alabama, et al.* (M.D. Ala., Case No. 2:08-920).
*United States v. Vermont, et al.,* (D. Vermont, Case No.:2:08-217)
*United States v. Post Independent School District*, (N.D. Tex, Case No.: 5:07-146).
*United States v. City of Segraves ISD*, (N.D. Tex., Case No.: 5:07-147).
*United States v. Smyer ISD*, (N.D. Tex., Case No.: 5:07-148).
*United States v. City of Earth*, (N.D. Tex., Case No.: 5:07-144).
*United States v. Littlefield ISD,* (N.D. Tex., Case No.: 5:07-145).

*Bartlett v. Strickland*, 556 U.S. 1 (2009).

*Perry v. Judd*, (E.D. Va., Civ. Case No. 3:11-856) (represented three campaigns for President in 14th Amendment challenge to Virginia ballot access laws).

*United States v. State of Texas*, (S.D. Tex., Case No. 2:13-193).

*True the Vote v. Stewart*, (D. Col., Case No. 1:13-3369).

*True the Vote v. Wintz*, (D. Col., Case No. 1:13-3368).

*Judicial Watch v. King*, (S.D. Ind., Case No. 12-800).

*Judicial Watch, et al v. Husted,* (S.D. Ohio, Case No. 2:12-792).

*True the Vote v. Walker*, (S.D. Fl., Case No. 2:13-14046).

*ACRU v. Walthall County Election Commission*, (S.D. Miss., Case No. 2:13-86).

*ACRU v. Jefferson Davis County Election Commission*, (S.D. Miss., Case No. 2:13-87).

*ACRU v. Clarke County Election* Commission, (S.D. Miss., Case No. 2:15-101).

*ACRU v. Noxubee County Election* Commission, (S.D. Miss., Case No 3:15-815).

*ACRU v. McDonald*, (W.D. Tex., Case No. 2:14-12).

*ACRU v. Rivera*, (W.D. Tex., Case No. 2:14-26).

*ACRU v. Election Administrator Montalvo*, (S.D. Tex., Case No. 7:16-103).

*Public Interest Legal Foundation v. Haake*, (E.D. Va., Case No. 3:16-836).

*Public Interest Legal Foundation v. Reed*, (E.D. Va., Case No. 1:16-1375).

*Voter Integrity Project v. Wake County Board of Elections*, (E.D.N.C., Case No. 5:16-683).

*ACRU v. Snipes*, (S.D. Fl., Case No. 16-61474).

*League of Women Voters v. Newby*, (D.D.C., Case No. 16-236).

12.    Noel Johnson is Litigation Counsel at the Foundation, and he received his J.D. from Marquette University. The Foundation is seeking reimbursement for his work at $550 per hour. After graduating in 2010, Mr. Johnson worked at the Bopp Law Firm where he specialized in campaign finance and constitutional law. In that role, he litigated cases to protect the constitutional rights of individuals, associations, corporations, and political groups in federal and state courts throughout the country. He joined the Foundation in 2012, and also specializes in litigation, education, and research related to elections and voting. In addition to this action, he has served as

counsel in numerous cases to enforce the NVRA, including the public records provision upon which this case is based. Those cases include:

*American Civil Rights Union v. Clarke County, Mississippi Election Commission*, No. 2:14-cv-101 (S.D. Miss, filed July 27, 2015).
*American Civil Rights Union v. Rodriguez*, No. 7:16-cv-103 (S.D. Tex., filed March 4, 2016).
*Virginia Voters Alliance, Inc. v. Leider*, Civ. No. 16-395 (E.D. Va., filed April 7, 2016).
*Public Interest Legal Foundation v. Reed*, No. 1:16-cv-1375 (E.D. Va., filed Oct. 31, 2016).
*Public Interest Legal Foundation v. Haake*, No. 3:16-836 (E.D. Va., filed Oct. 31, 2016).
*Public Interest Legal Foundation v. Bennett*, No. 4:17-cv-00981 (S.D. Tex., filed March 29, 2018).
*Public Interest Legal Foundation v. Bell*, No. 5:19-cv-248 (E.D.N.C., filed June 17, 2019).
*Public Interest Legal Foundation v. Lamone*, No. 1:19-cv-3564 (D. Md., filed Dec. 16, 2019).
*Public Interest Legal Foundation v. Bellows*, No. 1:20-cv-61 (D. Me., filed Feb. 19, 2020).
*Public Interest Legal Foundation v. Voye*, No. 2:20-cv-279 (W.D. Pa., filed Feb. 24, 2020).
*Public Interest Legal Foundation v. Benson*, No. 1:21-cv-00929 (W.D. Mich., filed Nov. 3, 2021).
*Public Interest Legal Foundation v. Evans*, No. 1:21-cv-03180 (D.D.C., filed Dec. 6, 2021).
*Public Interest Legal Foundation v. Griswold*, No. 1:21-cv-03384 (D. Co., filed Dec. 16, 2021).
*Public Interest Legal Foundation v. Meyer*, No. 1:22-cv-00001 (D. Ak., filed Jan. 20, 2022).
*Public Interest Legal Foundation v. Ardoin*, No. 3:22-cv-00081 (D. La., filed Feb. 4, 2022).
*Public Interest Legal Foundation v. Way*, No. 3:22-cv-02865 (D. N.J., filed May 17, 2022).
*Public Interest Legal Foundation v. Toulouse Oliver*, No. 1:23-cv-00169 (D. N.M., filed Feb. 27, 2023).
*Public Interest Legal Foundation v. Nago*, No. 1:23-cv-00389 (D. Haw., filed Sept. 9, 2023).
*Public Interest Legal Foundation v. Wolfe*, No. 3:24-cv-00285 (W.D. Wis., filed April 30, 2024).
*Public Interest Legal Foundation v. Simon*, No. 0:24-cv-01561 (D. Minn., filed April 30, 2024).

The Foundation is seeking reimbursement for his work at $550 per hour, hour, an hourly rate that is reasonable in the District of South Carolina for litigation of this type, according to attorney Phillip Strach, whose affidavit is filed with the Foundation's fee petition.

13.     Joseph Nixon is currently Litigation Counsel for the Foundation. Mr. Nixon received a J.D. from St. Mary's School of Law (1982). He is Board Certified in Civil Trial Law

by the Texas Board of Legal Specialization, having earned that accreditation in 1991. His practice areas have included issues involving political law, First Amendment and free speech, civil rights, redistricting, election law, governmental law, separation of powers, and class actions involving civil rights. He has represented several presidential candidates, a governor, a U.S. Senator, several congressmen, a lieutenant governor, state senators and representatives, elected justices and judges, counties, cities and candidates. He is admitted to the State Bar of Texas, the Supreme Court of the United States, the United States Court of Appeals for the Fourth and Fifth Circuits, the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas, the District of Columbia, the Western District of Michigan, and the District of Hawaii. Mr. Nixon's cases include the following:

*Perry v. Judd*, 471 F. App'x. 219 (4th Cir. 2012)

*Petteway v. Henry*, No. 12-40856 (5th Cir. 2013)

*Henry v. Cox*, 520 S.W. 2d 28 (Tex. 2017)

*Petteway v. Galveston Co.*, No. 23-40582 (5th Cir. 2023)

*T.L., a minor v. Cook's Children's Medical Center*, 607 S.W. 3d 9 (Tex. App. – 4th Dist. 2020)

*Petteway v. Galveston Co.*, No. 3:13-cv-00308 (S.D. Tex. – Galveston Div. 2022)

*Public Interest Legal Foundation v. Benson*, No. 1:21-cv-00929 (W.D. Mich., filed Nov. 3, 2021)

*Public Interest Legal Foundation v. Nago*, No. 1:23-cv-00389 (D. Haw., filed Sept. 9, 2023)

   The Foundation is seeking reimbursement at a rate of $ 550 per hour for his work, an hourly rate that is reasonable in the District of South Carolina for litigation of this type, according to attorney Phillip Strach, whose affidavit is filed with the Foundation's fee petition.

 14. As part of the Foundation's normal business practice, Foundation attorneys tracked the time they worked on this matter. Foundation attorneys contemporaneously recorded descriptions of the services or tasks performed. These records were made and kept by the attorney with personal

knowledge of the entries. Each entry was made on or around the date the work was performed. If an entry requires creation or adjustment at a later date, Foundation attorneys made every effort to ensure accuracy by referring to time records kept by other attorneys, or to other verifiable time records, such as flight schedules and transcripts.

15. A chart compiling the time expended by Foundation attorneys and the description of the work is attached as Exhibit A to this declaration (the "Foundation Billing Statement"). The Foundation Billing Statement truly and accurately reflects the time-keeping records of the Foundation attorneys who performed work on behalf of the Foundation in this action.

16. I have reviewed and am familiar with the relevant time-keeping records. The services described in the Foundation Billing Statement were reasonably and necessarily performed in pursuit of the Foundation's claims on the merits and in pursuit of attorney's fees, costs, and expenses under the NVRA's fee-shifting provision.

17. The time expended for each task performed is accurately listed in the Foundation Billing Statement under the column-heading "Gross Hours." The service or task performed is accurately described in the Foundation Billing Statement under the column-heading "Comment."

18. In the reasonable exercise of billing judgment, the Foundation is not seeking reimbursement for certain billing entries. These reductions were made for time spent on certain tasks that were deemed excessive, duplicative, redundant, inefficient, not directly related to the case, not sufficiently detailed, or which in the exercise of reasonable billing judgment, the Foundation has agreed not to seek recovery for one reason or another.

19. Where billing judgments were made, the "Gross Hours" incurred by the Foundation were adjusted, resulting in the "Adjusted Hours," which reflect any reduction and provide the amount of time for which recovery is sought.

20. In total, the Foundation has excluded 41 hours from its request, which results in a reduction of $21,040 from total amount of fees incurred. *See* Exhibit A.

21. Because the Foundation's attorneys are not admitted to practice law in South Carolina, they were required to associate with a local attorney to file and prosecute this action. South Carolina based attorney Richard Bolen served as the Foundation's local counsel. Mr. Bolen's time and expenses are discussed and documented in the Declaration of Richard Bolen filed along with the Foundation's fee petition.

22. The Foundation also incurred expenses in the prosecution of this case. Those expenses are truly and accurately listed in Exhibit B to this declaration (the "Foundation Expense Report"). It is the Foundation's normal practice to track and bill for each of these expenses separately and each of the expenses for which reimbursement is sought was reasonably and necessarily incurred in the successful prosecution of the Foundation's case. The Foundation has excluded the fees incurred for admission pro hac as seen in the adjusted column. The total adjusted amount of costs and expenses incurred by the Foundation to date is $5,322.62

23. The total amount of costs and expenses for local Counsel Richard Bolen is $17,760.

24. The total amount requested for merits and fee work performed by Foundation attorneys up until September 22, 2024, attorneys is $123,125.

25. To date, the total amount requested for fee petition work performed by Foundation attorneys is $128,447.62.

26. The Foundation plans to submit documentation for the remaining work in this matter with a Supplemental Motion when that work is completed.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of October 2024.

          /s/ Maureen S. Riordan
Maureen S. Riordan