United States District Court

District of South Carolina

Columbia Division

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** *Plaintiff*, v. **HOWARD M. KNAPP,** in his official capacity as the Executive Director of the South Carolina State Election Commission *Defendant*. | Case No. 3:24-cv-01276-JFA |

## STATEMENT OF T. RUSSELL NOBILE

I, T. Russell Nobile, am over the age of eighteen and understand the obligations of an oath. Being duly sworn, I hereby state the following:

1. I am an attorney duly admitted to the practice of law in all Mississippi and Louisiana courts.

2. In addition to my state licenses, I am admitted and have appeared in the following courts: the United States Supreme Court and the United States Courts of Appeal in the Fourth, Fifth, Sixth, Seventh, and Ninth Circuits. In the last 10 years, I have been admitted and/or appeared before the following federal district courts: Norther District of California, District of Colorado, Northern and

1

Southern Districts of Mississippi, Eastern and Middle Districts of Louisiana, Northern District of Illinois, Eastern District of Kentucky, and Western District of North Carolina. During that same period, I also appeared in state courts in Louisiana, Mississippi, Tennessee, and Maryland.

3. In 1999 I received my undergraduate degree from the University of Mississippi and my J.D. from the Mississippi College School of Law. Following law school, I clerked at the Mississippi Supreme Court from 2002-2004 for Chief Justice Ed Pittman, Presiding Justice George Carlson, and Justice Mike Randolph.

4. After leaving Mississippi, I received an appointment from the U.S. Attorney General as a trial attorney in the Department of Justice's Civil Rights Division in 2005.

5. I have been involved with investigating, developing, prosecuting, and defending civil and voting rights cases for more than 19 years. Of the civil and voting rights matters that resulted in litigation, 95 % have been in federal courts.

6. From 2005 until 2012, I served in the Civil Rights Division's Voting Section where I enforced various federal laws related to voting and elections, including the Voting Rights Act of 1965 and the National Voter Registration Act of 1993. I received several awards and commendations for my work at the Department of Justice.

7. I left the Department of Justice in 2012 and went into private practice on the Mississippi Gulf Coast. While in private practice from 2012 – 2019, I continued handling voting and election cases representing government agencies, the Republican Party of Mississippi, and private organizations.

8. During my time in private practice, I defended the Mississippi Republican Party in a private lawsuit involving claims under the National Voter Registration Act of 1993 ("NVRA). *True the Vote v. Hosemann*, 43 F. Supp. 3d 693 (S.D. Miss. 2014).

9. I have personally conducted countless litigation proceedings, including approximately 8 federal and state trials involving preliminary or permanent relief. I have prepared and filed numerous briefs in federal courts on behalf of parties and *amici*. In 2024, I argued before the U.S. Court of Appeals for the Seventh Circuit in *Michael Bost, et al. v. Illinois State Board of Elections, et al.*, No. 23-2644 and the U.S. Court of Appeals for the Fifth Circuit in *RNC, et al. v. Wetzel, et al.*, No. 24-60395.

10. During the 117th Session of the United States Congress, I testified four times regarding proposed legislation (HB 1) related to the federal takeover of elections, which Congress was then considering. Specifically, I testified before the Senate Judiciary's Committee's Subcommittee on the Constitution on July 14, 2021, and the House Judiciary's Committee's Subcommittee on the Constitution, Civil Rights, and Civil Liberties on May 27, 2021, July 27, 2021, and January 20, 2022.

11. In 2019, I left private practice and joined Judicial Watch Inc. as a Senior Litigation Counsel in its election integrity practice group, which is the position I still hold.

12. Judicial Watch is a nonpartisan, public interest organization headquartered in Washington, D.C. Founded in 1994, Judicial Watch seeks to promote accountability, transparency and integrity in government, and fidelity to the rule of law.

13. In furtherance of these goals, Judicial Watch invested resources towards building an election transparency and integrity practice group. In particular, we bring list maintenance and public records suits under the NVRA similar to the matter before this Court. *See, e.g.*, *Judicial Watch, Inc. et al v. The Illinois State Board of Elections et al.*, No. 1:24-cv-01867 (N.D. Ill. March 5, 2024) (NVRA Section 8 lawsuit against the State of Illinois); *Judicial Watch, Inc., et al. v. Weber et al.*, No. 2:24-cv-03750-MCS-PVC (C.D. Cal. May 6, 2024)(NVRA Section 8 lawsuit

against the State of California); *Judicial Watch, Inc. v. Griswold*, No. 20-cv-2992-PAB-KLM, 2024 U.S. Dist. LEXIS 33561 (D. Colo. Feb. 27, 2024)(NVRA Section 8 lawsuit against the State of Colorado); *Judicial Watch, Inc. v. Grimes*, No. 3:17-cv-94, 2018 (E.D. Ky. Nov. 14, 2017)(NVRA Section 8 lawsuit against the State of Kentucky); *Judicial Watch, Inc. v. Logan*, No. CV-17-8948-R, 2018 U.S. Dist. LEXIS 151333 (C.D. Cal. Sep. 5, 2018)(NVRA Section 8 lawsuit against the State of California); *Judicial Watch, Inc. v. N.C. State Bd. of Elections*, No. 3:20-cv-00211-RJC-DCK, 2022 U.S. Dist. LEXIS 40041 (W.D.N.C. Mar. 7, 2022) (NVRA Section 8 lawsuit against the State of North Carolina); *Judicial Watch, Inc. v. Pennsylvania*, 524 F. Supp. 3d 399 (M.D. Pa. 2021); (NVRA Section 8 lawsuit against the State of Pennsylvania); *Ill. Conservative Union v. Illinois*, No. 20-cv-5542, 2021 U.S. Dist. LEXIS 102543 (N.D. Ill. June 1, 2021) (NVRA Section 8 lawsuit against the State of Illinois); and *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919 (S.D. Ind. 2012)(NVRA Section 8 lawsuit against the State of Indiana).

14. Voting and election litigation is a highly sensitive area of practice that raise complex questions involving federalism and individual rights. The relationship between the federal and state governments related to elections under Article I and II of the U.S. Constitution is unique and different from the usual Supremacy questions that arise in civil rights litigation. Issues raised in these types of cases can trip up even some of the most sophisticated and seasoned litigators.

15. Cases at the Department of Justice's Voting Section often are assigned to a team of lawyers and paralegals. This team would spend a significant amount of time and other resources preparing their case. It is hard to duplicate that level of staffing in private suits due to the resources required.

16. There are very few practitioners who are experienced in the NVRA issues presented in this matter. I previously worked with both J. Christian Adams and Maureen S. Riordan at the Department of Justice and since. Both Mr. Adams and Ms. Riordan are some of the most

experienced and well-respected litigators in voting and election litigation, including NVRA enforcement.

17. I have reviewed the Ms. Riordan's declaration in this case. I believe the hourly rate used is very reasonable. Given the unique complexity of NVRA cases, the rates she set forth possibly understate the fees for this type of work. Depending on the size of the local market, rates for this type of work could be a lot higher. For example, in smaller legal markets, such as Mississippi, I saw experienced voting and election litigators charging higher rates back in 2014.

Based upon my personal experience concerning rates charged by lawyers throughout the nation and the issues involved in this case, the hourly rate here represents a reasonable hourly rate considering the nature of this case.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above statement is true.

September 26, 2024

*Russ Nobile*
T. Russell Nobile
P.O. Box 6592
Gulfport, Mississippi 39506