IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Public Interest Legal Foundation, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Howard M. Knapp, in his official capacity as the Executive Director of the South Carolina State Election Commission, <br><br> Defendant. | C/A No. 3:24-cv-1276-JFA <br><br><br> **ORDER** |

This matter is currently before the Court on Public Interest Legal Foundation's ("PILF") motion for attorneys' fees, costs, and expenses. (ECF No. 41). This motion has been fully briefed and is therefore ripe for review. For the reasons discussed below, the motion is granted in part and denied in part.

I.      FACTUAL AND PROCEDURAL HISTORY

This declaratory judgment action concerns the issue of whether the South Carolina State Election Commission ("SEC") must turn over a copy of the Statewide Voter Registration List to PILF pursuant to the National Voter Registration Act ("NVRA"). Because the parties agreed to the salient facts in this case (ECF No. 27), counsel declined a formal scheduling order or discovery practice. Following an expedited briefing schedule (ECF No. 25) and oral argument, the Court ultimately granted PILF's motion for summary judgment and held that the South Carolina Statewide Voter Registration List is a record subject to inspection pursuant to the NVRA, and that the NVRA preempts any South

1

Carolina law limiting access to the Statewide Voter Registration List to South Carolina registered voters. (ECF No. 38). The SEC's cross-motion for summary judgment was consequently denied. The entirety of this litigation lasted approximately six months. As a prevailing party, PILF requested attorneys' fees and costs pursuant to 52 U.S.C. § 20510(c). (ECF No. 41).

Thereafter, the SEC moved to alter or amend the order granting PILF summary judgment and contemporaneously filed a motion to stay the judgment pending the outcome of a possible appeal. Since then, the motion to alter or amend has been denied and the motion to stay has been granted. In addition to its original request for fees (ECF No. 41), PILF has submitted a supplemental request for fees incurred in responding to the post-judgment motions. (ECF No. 50). PILF seeks attorney's fees, costs, and expenses in the total amount of $173,452.62.

## II.    LEGAL STANDARD

The NVRA contains the following provision: "In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C.A. § 20510(c). "The party requesting a fee bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012).[1]

---

[1] The SEC initially argues that PILF should not be afforded any attorneys' fees because it "is unaware of any binding precedent in this district finding that the NVRA is in fact a civil rights statute" and therefore "this Court has the authority and in fact should deny PILF's attorneys' fees

2

> The proper calculation of a reasonable attorneys' fee award involves a three-step process. First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[2] Next, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.

*Doe v. Kidd*, 656 F. App'x 643, 651–52 (4th Cir. 2016)(cleaned up).

## III.  DISCUSSION

Initially, the SEC requests this court hold any determination of attorneys' fees in abeyance pending its motion to reconsider or alternatively "establish a comprehensive briefing schedule to fully flesh out the issues." (ECF No. 42). Given that the court has ruled on the SEC's motion to reconsider, the request to stay is now moot. Additionally, the court is mindful that a request for attorneys' fees should not result in a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)("A request for attorney's fees should not result in a second major litigation."). Accordingly, the court declines to issue a months-

---

request in total." (ECF No. 42, p. 4). However, this argument is inapplicable as the NVRA contains its own fee shifting provision.

[2] The *Johnson* factors include "(1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Doe v. Kidd*, 656 F. App'x 643, 652 n.1 (4th Cir. 2016).

long briefing schedule[3] simply to "flesh out" PILF's fee request. PILF has provided sufficient documentation to allow this court to evaluate its request and calculate a reasonable amount of fees. Thus, any request to delay adjudication of this matter is respectfully denied.

The SEC also offers other reasons as to why PILF's fee request should be denied outright. For instance, the SEC avers it is required to enforce state statutes until those statutes are declared unconstitutional and, at the time the request for the Voter List was made, no such declaration had been issued. Moreover, the state statute in question was passed in 1967, 26 years before passage of the NVRA, and there had been no finding that it had been preempted by federal law. Thus, the SEC contends it had no discretion but to enforce the statute as written.

Despite these contentions, PILF is correct in asserting that these reasons do not count as special exceptions as to the award of attorneys' fees or otherwise qualify as some good faith exception. The Fourth Circuit has found that "a defendant's good faith is not a special circumstance that would render an award of fees unjust." *Bills v. Hodges*, 628 F.2d 844, 847 (4th Cir. 1980); *see also Lefemine v. Wideman,* 758 F.3d 551, 557 (4th Cir. 2014) ("Yet we, and our sister circuits, have repeatedly rejected good faith as a special circumstance justifying the denial of Section 1988 attorneys' fees."). Thus, the SEC's attempts to fully avoid the award of attorneys' fees is unavailing. *Brandon v. Guilford Cnty. Bd. of Elections*, 921 F.3d 194, 198 (4th Cir. 2019)("While both statutes include in the

---

[3] The SEC's proposed briefing schedule would add an additional four months before the issues would become ripe for adjudication. (ECF No. 42, p. 3).

authorization for fees the permissive may allow, the Supreme Court has held that a prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.")(cleaned up).

Because PILF was granted summary judgment on the issues presented, it is considered a prevailing party entitled to reasonable attorneys' fees and costs. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.")(citations omitted).

The decision to award attorneys' fees, and the extent of those fees, "rests, of course, within the sound discretion of the trial judge." *Guidry v. Clare,* 442 F. Supp. 2d 282, 294 (E.D. Va. 2006) (Ellis, J.) (internal quotation omitted). In determining a reasonable attorneys' fee, the proper first step is to calculate the lodestar amount, which results from multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564 (1986) (quoting *Blum v. Stenson,* 465 U.S. 886, 888 (1984)). When making this calculation, the court must exclude any hours that are "excessive, redundant, or otherwise unnecessary," as such hours are not reasonably expended on the litigation. *Hensley,* 461 U.S. at 434. This process requires the use of the same "billing judgment" that guides a lawyer in private practice in billing his client. *Id.*

5

a. <u>Reasonable Rate</u>

A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line" with the rates charged by those lawyers. *Id*. "The court may rely on its own knowledge of the market." *Gonzalez v. Caron*, 2011 U.S. Dist. LEXIS 99465 at *6 (D. Md. Sep. 2, 2011, Civil Action No. CBD-10-2188) (citing *CoStar Group, Inc. v. LoopNet, Inc*., 106 F. Supp. 2d 780, 788 (D. Md. 2000)).

PILF has requested an hourly rate of $550 for attorneys Maureen Riordan, J. Christian Adams, Noel Johnson, and Joseph Nixon and $400 for Local Counsel Richard Bolen. PILF further requested an hourly rate of $200 for Samuel Swanson and Marshall Makk, who had completed their Juris Doctor but had yet to receive the results of their bar exams at the time the work was performed. PILF supported these requests with affidavits from other practicing attorneys familiar with the rates charged by South Carolina attorneys and those undertaking NVRA litigation. The SEC offered no substantive rebuttal to these hourly rates.[4]

Based on the submitted affidavits, as well as this court's knowledge of the prevailing rates in this district, the court finds the requested hourly rates reasonable. A review of the relevant *Johnson* factors bolsters this conclusion. Litigation involving the NVRA requires

---

[4] Although the SEC takes issue with the claimed hourly rates, they offer no evidence or suggestion as to what they believe the reasonable hourly rate should be.

specialized knowledge from experienced practitioners. Although PILF has initiated several lawsuits raising similar challenges pursuant to the NVRA across the country, a challenge to South Carolina's specific statutes will necessarily involve novel questions. The supporting affidavits provided by PILF show these fees to be in line with similarly situated practitioners. Additionally, PILF's counsel were able to obtain the desired result in a relatively short amount of time. Accordingly, the hourly rates requested above are approved as a sensible request.

    b. <u>Reasonable Hours</u>

Although the hourly rates proposed by PILF are reasonable, the total amount of hours sought to be reimbursed is excessive. A close look at the billing records offered by PILF shows unwarranted billing and duplication of efforts.

For instance, PILF brought not one, but four separate attorneys to oral argument in addition to the required local counsel. "[The Fourth Circuit has] been sensitive to the need to avoid use of multiple counsel for task where such use is not justified by the contributions of each attorney." *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 180 (4th Cir. 1994). As such, the court will "award fees for the time of one attorney when an issue does not require the attention of multiple lawyers." *Cox v. Reliance Std. Life Ins. Co.*, 179 F. Supp. 2d 630, 636 (E.D. Va. 2001). Despite the presence of five attorneys of record at the oral argument, only one attorney, Adams, addressed the court. The court acknowledges the mandatory presence of local counsel given the pro hac admission of the remaining attorneys. However, requesting attorneys' fees for three other attorneys who offered little,

if any, advocacy during oral argument is excessive.[5] These attorneys billed numerous hours for their travel to Columbia for the hearing in addition to their presence at the hearing. Specifically, Adams billed two hours for traveling to the hearing and one hour for attending the hearing. Nixon spent 10.2 hours on "travel to and from Columbia, SC for summary judgment hearing (8.0) help prepare Christian for oral argument (2.2)" but reduced this billing entry to two hours with no explanation. (ECF No. 41-2, p. 4). Riordan billed four hours for "travel to South Carolina for Argument on Monday 9/16." (ECF No. 41-2, p. 5). Johnson billed 1.5 hours to "attend SJ motion hearing" and 3.5 hours for "travel back to IND (SJ hearing)." (ECF No. 41-2, p. 6). Of the above hours, those billed by Nixon, Riordan, and Johnson—11 in total—are excessive and will not be compensated.

Additionally, the billing records show inconsistencies in time attributed to attending the oral argument. For instance, local counsel billed 3.2 hours for "hearing at law school & debrief." (ECF No. 41-7, p. 4). Conversely, the attorney who argued the motion for summary judgment, Adams, billed one hour for "court hearing on summary judgment in case." (ECF No. 41-2, p. 3). Attorney Johnson billed 1.5 hours to "attend SJ motion hearing." The hearing on the motion for summary judgment lasted no more than an hour. Billing for anything more, especially from multiple attorneys, is excessive. Accordingly,

---

[5] *See Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 714 (E.D. Va. 2012)("The court agrees with Defendants' contention that billing for attendance by three attorneys, including two similarly experienced associates, and the accompanying travel required from counsel's Washington, D.C. office, is duplicative and does not represent the type of 'billing judgment' of private practice. The court expects that the presence of two attorneys would have been more than sufficient to handle oral argument.") (internal citation omitted).

Local Counsel's time will be reduced to one hour and Johnson's time has been accounted for in the previous paragraph.

Furthermore, the attorneys that billed for travel did so at their full hourly rate of $550. (*See* ECF No. 41-2). The court is hard-pressed to find travel time for any attorney compensable at a rate of $550 an hour as reasonable. *See Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012)("The court agrees with Defendants that counsel should not recover their full market rate for travel from their offices in Washington, D.C., to Norfolk and Richmond, and that failure to reduce this time indicates a lack of billing judgment."). In addition to the travel time referenced above in relation to oral argument, Adams billed five hours, at his full rate of $550, for traveling to South Carolina for a scheduling status conference early in this litigation. Given the presence of local counsel, it is doubtful Adams' physical presence was necessary for such a routine preliminary matter. Nevertheless, the court will award Adams his 5 hours, but at a reduced rate of $275.

In addition to hourly billing, of the $5,322.62 requested for expenses, $4,822.62 of that was incurred on travel, food, and lodging for five separate individuals in attending oral argument. (ECF No. 41-3). Again, only one of these attorneys participated in the oral argument. Thus, the $4,822.62 requested for travel, food, and lodging from PILF's various attorneys will not be awarded.[6]

---

[6] The entries related to travel from Adams do not provide sufficient detail to allow the court to discern which expenses relate to Adams' travel for oral argument. (ECF No. 41-3). Otherwise, the court would award those fees. The remainder of the fees, claimed by various other attorneys in

Additionally, some of the billing records provide little to no detail and therefore do not allow the court to evaluate their reasonableness. For instance, Samuel Swanson billed three hours (at a rate of $200 an hour) for "moot". (ECF No. 41-2, p. 6). Vague entries offer little insight into the work performed or the reasonableness of the corresponding fee. Needless to say, these three hours will not be awarded.

Moreover, the court finds some of the time expended on certain tasks excessive. The most salient example is the time PILF utilized in preparing for the hearing on summary judgment after all substantive briefing had been submitted. (*See generally* ECF No. 41-2). For instance, Adams billed over 42 hours (at a rate of $550 per hour) in preparing for oral argument on summary judgment which itself lasted one hour. Nixon billed for over 12 hours (at a rate of $550 per hour) of preparation time for an oral argument he did not participate in. Riordan billed for nearly 20 hours (at a rate of $550 per hour) of time spent in preparing for the same oral argument although she did not present at oral argument. Johnson similarly billed over five hours (at a rate of $550 hours) in preparing for the summary judgment hearing. The court does not seek to minimize the effort and time needed to prepare for a hearing which will be dispositive of the case. Preparing an effective oral argument is no easy feat. However, when asking a Governmental agency to foot the bill for attorneys' fees, charging $43,450 for 79 hours in preparation for one attorney to argue for less than an hour appears excessive. *See Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 715 (E.D. Va. 2012)("However, the court agrees that the extent of

---

traveling to oral argument, will not be awarded for the reasons stated above—namely the excessive nature of sending five attorneys to an argument only one participated in.

preparation of Ms. Ripa, 'who did not conduct oral argument,' exceeds reasonableness and ordinary billing discretion."). For context, approximately 25% of PILF's total fee request comes from the time billed by numerous attorneys in preparing for oral argument. When exercising proper "billing judgment," no reasonable attorney would charge such excess to a client. Moreover, experienced and learned counsel such as Adams, who has handled several matters raising substantially similar issues, should have no problem in readying himself for oral argument in a handful of hours. Given the unreasonable nature of this request, the court will reduce PILF's total request by 70 hours to account for excess time billed in preparation for one attorney to argue for less than an hour.[7]

Other examples of excessiveness permeate PILF's fee request. In their original fee request, Riordan billed over $9,790 in her initial work preparing the instant fee petition. (ECF No. 41-2, p. 5). Within PILF's supplemental request, Riordan billed yet another $15,785 when working on the fee petition and associated reply brief. A request of $25,575 from one attorney in preparing a petition for $173,452 in total for fees and costs cannot be deemed reasonable. Nearly 15% of the total reimbursement sought is for Riordan's work in preparing a request for fees. Combined with the $5,000 billed by other attorneys, PILF's counsel billed a total of $30,565 in relation to its fee request—nearly 18% of the total. (*See generally* ECF Nos. 41-2 & 50-2). It is true that attorneys may be able to recover for the

---

[7] The court would note that counsel in this action were asked to present oral argument at the Joseph F. Rice School of Law in front of current law students. The court is appreciative of counsel's efforts to diligently prepare and effectively deliver their arguments for observation in an educational setting. Regardless, the amount of time spent in preparation for this argument cannot be deemed reasonable.

11

time reasonably expended in preparing a fee request. *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986). However, a fee petition should not be used as a device to manufacture $30,565 in additional fees collectible from opposing counsel. *See Daly v. Hill*, 790 F.2d 1071, 1084 n.18 (4th Cir. 1986)("An expense award, like an attorney's fee, must adequately compensate counsel without resulting in a windfall. Prevailing attorneys must exercise billing judgment, for expenses not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.")(cleaned up). No reasonable attorney would ask a client to pay $30,500 in preparing a billing statement. Thus, the court declines to award PILF any of the time spent solely in preparation for its fee request. This conclusion is bolstered by the fact that many of the entries related to the fee petition include purely administrative tasks. For instance, attorney Riordan billed 2.5 hours (at $550 an hour) for "preparation of receipts, including conversion to PDF. Continued Editing of Affidavit." (ECF No. 50-2, p. 1). Additionally, Kaylan Phillips billed half an hour (at $550 an hour) to "format spreadsheet of billing entries, verify calculations." *Id*. The court finds it unreasonable to charge $550 an hour for the performance of such administrative functions.

In addition to their original fee request, PILF submitted a supplemental request seeking reimbursement for an additional 51.4 hours for time spent preparing the fee petition and the supplement, responding to Defendant's Motion for Reconsideration, and responding to Defendant's Motion to Stay Judgment. The total value of this work is $27,405. When combined, the substantive briefing of these filings totals less than 50 pages exclusive of exhibits and attachments. Although the court does not seek to diminish the quality of work product or discount the effort required to produce quality briefing, PILF's

supplemental request for $27,405 emphasizes the excessive nature of their fee requests.[8] However, the reductions already issued above—specifically those related to the fee petition—work to bring PILF's request into a reasonable range and no further reductions are necessary.

In an attempt to appear reasonable, PILF emphasizes its efforts to reduce its request by showing that it has already cut over $20,000 in billings that "were deemed excessive, duplicative, redundant, inefficient, not directly related to the case, not sufficiently detailed, or which in the exercise of reasonable billing judgment, the Foundation has agreed not to seek recovery for one reason or another." (ECF No. 41-1, p. 8). However, PILF's acknowledgment that it has indeed spent dozens of hours on tasks that were excessive, duplicative, redundant, inefficient, or not directly related to the case does little to assuage the court as to the overall reasonableness of PILF's fee request.

In sum, PILF originally requested $140,725 in attorneys' fees and $5,322.62 in costs and expenses. (ECF No. 41). They requested another $27,405 in attorneys' fees within their supplemental request. In total, PILF is requesting attorneys' fees, costs, and expenses in the amount of $173,452.62. The court finds this total unreasonable. This entire civil action

---

[8] *See Doe v. Kidd*, 656 F. App'x 643, 656 (4th Cir. 2016) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary. Here, the district court determined that Harrison's hours should be reduced by twenty-five percent for excessiveness because her time includes numerous entries for copying, organizing files, and other clerical/paralegal tasks, and "the court was required to hold a hearing and issue an order instructing lead counsel as to inappropriate questions that could not be propounded during depositions. Similarly, the court concluded that Law's hours were excessive because she included an exorbitant amount of time reviewing the file and performing clerical tasks. We find no abuse of discretion in these findings and will not accept the parties' invitation to reweigh the evidence. We therefore affirm the court's twenty-five percent reduction.") (cleaned up).

lasted six months from complaint until the entry of a final judgment. The parties appeared in court for a brief scheduling conference and later for oral argument which lasted less than an hour. PILF submitted less than 50 pages of briefing to support its dispositive motion. Moreover, PILF, having filed numerous other lawsuits raising substantially similar issues, noted that much of the work for this action had been modified from their series of prior efforts. Out of that, PILF now requests $173,452.62. Although PILF is indeed entitled to fees and costs, the sum requested is untenable.

Consequently, the court will reduce PILF's request by the amounts set forth above to determine the proper lodestar figure. Therefore, PILF's fee request is reduced by $82,792.62.[9] The resulting lodestar figure is thus $90,660.

The remaining factors to be considered do not alter this amount. After calculating the lodestar figure, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. *Doe v. Kidd*, 656 F. App'x 643, 651–52 (4th Cir. 2016).

Here, PILF was successful in each claim pursued. Specifically, PILF sought and received a declaration averring that the South Carolina statute at issue was preempted by the NVRA and could not be used to prevent PILF from obtaining the requested documents.

---

[9] This sum includes the 11 hours associated with numerous attorneys attending the oral argument ($6,050); 2.2 hour reduction in local counsel's billing for attending oral argument ($880); reduction in rate for 5 hours Adams billed for travel time ($1,375); $4,822.62 in fees associated with travel to oral argument; 3 hours Swanson billed for "moot" ($600); 70 hour reduction in time billed for preparation for oral argument ($38,500); and the $30,565 billed for preparing the attorneys' fee request.

PILF thus fully succeeded in each of the claims it presented. Accordingly, the proper lodestar figure need not be reduced any further.

## IV.    CONCLUSION

For the reasons stated above, PILF's requests for fees (ECF Nos. 41 & 50) are granted in part and denied in part. PILF is awarded fees and costs totaling $90,660.

IT IS SO ORDERED.

January 7, 2025                                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                                    United States District Judge

15