IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD M. KNAPP, in his official capacity as Executive Director of the South Carolina Election Commission,<br><br>Defendant. | Case No.: 3:24-cv-01276-JFA |

**Defendants' Motion for Stay of Attorney Fee Award Pending Appeal and for Leave of Court to Deposit Attorney Fee Award with the Clerk of Court**

Pursuant to Federal Rules of Civil Procedure 62(a) and 67(a), Defendant Howard M. Knapp (Knapp), in his official capacity as Executive Director of the South Carolina Election Commission (SEC), respectfully moves for a stay of the enforcement on this Court's award of attorneys' fees, costs, and expenses in the amount of $90,660.00 (Fee Award) to the Public Interest Legal Foundation (PILF) and for leave of court to deposit the amount of the Fee Award plus accrued interest with the Clerk of Court.

The SEC respectfully submits that the stay should be granted because there already is a stay in place of the Order and Judgment awarding the Voter List (Voter List Order and Judgment) and, should the SEC prevail in its appeal filed contemporaneously with this motion, PILF would not be entitled to the Fee Award. The SEC further seeks leave of court

56651044 v1

to deposit the amount of the Fee Award plus accrued interest with the Clerk of Court to benefit the parties and to stop the running of post-judgment interest.

## Argument

1.  By Order dated January 7, 2025 (ECF 54), the Court granted PILF the Fee Award in connection with PILF's claim that it was denied access to South Carolina's Voter List in violation of the National Voter Registration Act, 52 U.S.C. § 20507.

2.  Pursuant to Rule 62(a) of the Federal Rule of Civil Procedure 62(a), execution on or recovery of the Fee Award was automatically stayed for 30 days after its entry.

3.  By separate Order also dated January 7, 2025 (ECF 53), this Court stayed the operation or enforcement of the Voter List Order and Judgment.

4.  Contemporaneously with the filing of this motion, the SEC has filed an appeal from the Voter List Order and Judgment.

5.  The SEC is not appealing the Fee Award itself; however, should the SEC prevail on appeal and the Voter List Order and Judgment be overturned, PILF also would not be entitled to recover attorneys' fees. As such, the SEC respectfully asserts that the Fee Award should be stayed pending the appeal from the Voter List Order and Judgment.

6.  If the Court stays the Fee Award, the SEC would not be required to post a bond.

    A.  Rule 62(f) provides that, "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."

B. Under South Carolina law, "[f]inal judgment and decrees entered … enter in any circuit of district of the United States within this State . . . the final judgments . . . of which . . . shall be declared to create a lien, shall constitute a lien upon the real estate of the judgment debtor." S.C. Code Ann. § 15-35-810; *see Ducker v. Standard Supply Co.*, 280 S.C. 157, 158, 311 S.E.2d 728, 729 (1984) ("Under South Carolina law, a judgment represents a judicial declaration that a judgment debtor is personally indebted to a judgment creditor for a sum of money. A judgment may also establish a lien upon the real property of the debtor.").

C. South Carolina Rule of Civil Procedure 62(e) provides that "no bond, obligation, or other security shall be required" when an appeal is taken "by . . . an officer or agency [of the State] or by direction of any department of the Government of the State and the operation or enforcement of the judgment is stayed."

D. Therefore, if the Fee Award is stayed, the SEC would be entitled to appeal without the necessity of posting a bond.

7. The SEC nevertheless seeks leave of court to deposit the Fee Award plus accrued interest with the Clerk of Court.

8. Federal Rule of Civil Procedure 67(a) provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . ., a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money . . . ."

9. The SEC seeks leave to deposit the Fee Award with the Court pursuant to Rule 67(a) in order to prevent the continued accrual of post-judgment interest.

10. The deposit of the Fee Award will include accrued interest at the statutory rate continuing through the date of payment into the Court.

    A. Pursuant to 28 U.S.C. § 1961(a), post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." (Footnote omitted).

    B. This Court entered the Fee Award order on January 7, 2025.

    C. Pursuant to information available on the Board of Governors of the Federal Reserve System website, https://www.federalreserve.gov/datadownload/default.htm, the weekly average 1-year constant maturity Treasury yield for the calendar week preceding January 7, 2025, was 4.17%.

    D. Interest must be computed daily to the date of payment and compounded annually.

    E. The SEC proposes to determine the amount of interest due as follows:

        (1) Determine the daily amount of interest due by multiplying the Fee Award by 4.17% and dividing that result by 365 days.

        (2) Multiply the result of (1) by the number of days from January 7, 2025 to the date of the deposit of the Fee Award with the Clerk of Court.

11. Once the Fee Award is deposited with the Court, PILF is assured that the funds remain available for payment of the Fee Award should the SEC not prevail on appeal. In turn, should the SEC prevail, the SEC is assured that the Fee Award remains available to recover and it will be entitled to a return of the Fee Award plus interest.

12. Pursuant to 28 U.S.C. § 2042, the SEC respectfully requests that the Court direct the Clerk of Court not to subsequently distribute the funds except on further order of this Court.

13. Although the SEC is not required to post a supersedeas bond for the reasons discussed above, the deposit of the Fee Award with the Clerk of Court nevertheless will serve as a supersedeas bond in favor of PILF should the SEC's appeal be unsuccessful.

14. Accordingly, the SEC requests that this Court stay the Fee Award pending the outcome of the appeal but allow the SEC leave of court to deposit the Fee Award plus accrued interest with the Clerk of Court pursuant to Rule 67(a).

## Conclusion

For the foregoing reasons, the SEC respectfully submits that the Court should grant Defendant Knapp's Motion, stay the Fee Award, and grant the SEC leave of court to deposit the Fee Award plus accrued interest with the Clerk of Court.

## Local Civil Rule 7.02

Counsel for the SEC contacted opposing counsel pursuant to Local Rule 7.02 regarding the motion but no response was received by the time of filing.

[*Signature Page Follows*]

Respectfully submitted,

*s/Tracey C. Green*
Mary Elizabeth Crum (Fed. ID No. 372)
Tracey C. Green (Fed. ID No. 6644)
Michael R. Burchstead (Fed. ID No. 10297)
Benjamin R. Jenkins IV (Fed. ID No. 14138)
BURR & FORMAN LLP
PO Box 11390
Columbia, SC 29211
(803) 799-9800
lcrum@burr.com
tgreen@burr.com
mburchstead@burr.com
bjenkins@burr.com

Thomas W. Nicholson (Fed. ID No. 12086)
STATE ELECTION COMMISSION
1122 Lady Street, Suite 500
Columbia, SC 29201
(803) 734-9063
tnicholson@elections.sc.gov

*Counsel for Defendant Howard M. Knapp, in his official capacity as Executive Director of the South Carolina Election Commission*

February 6, 2025
Columbia, South Carolina

6

56651044 v1